No. 13-3100

===============================================

IN THE UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

―――――――――

UNITED STATES OF AMERICA,

*Plaintiff/appellee,*

v.

JACK DAVIS,

*Defendant/appellant.*

―――――――――

On Appeal from the United States District Court
for the District of Colombia

―――――――――

BRIEF OF THE APPELLANT
JACK DAVIS

―――――――――

RICHARD C. KLUGH, ESQ.
Counsel for Appellant
Ingraham Building
25 S.E. 2nd Avenue, Suite 1100
Miami, Florida 33131
Tel. No. (305) 536-1191

===============================================

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

i.    The parties who appeared before the district court and in this Court consist of appellant Jack Davis and appellee United States of America.

ii.    The ruling under review is the denial of the appellant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), dated October 3, 2013, by Chief Judge Richard Roberts.  The ruling is reproduced in the Appendix at page 167a.  No official citation to the ruling exists apart from the district court docket.

iii.    The underlying district court case was previously before this Court as to prior rulings by the district court in *United States v. Davis*, No. 06-3046, and *United States v. Davis*, No. 09-3045.  There are no pending related cases.

## STATEMENT REGARDING ORAL ARGUMENT

The defendant respectfully submits that oral argument is necessary to the just resolution of this appeal and will significantly enhance the decision making process.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . C-1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . i

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . vi

PERTINENT STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Indictment, trial, sentencing and direct appeal . . . . . . . . . . . . . . 1

    Sentencing Guidelines Amendment and § 3582(c)(2) Proceedings  4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    The denial of defendant Davis's motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive sentencing guidelines amendment was improper where the district court failed to engage in the requisite two-part inquiry of first determining the amended guideline range and then considering the applicable statutory sentencing factors under 18 U.S.C. § 3553(a) – including how the amended range would

ii

alter the range actually applied at sentencing – but instead premised its ruling exclusively on mistaken determinations as to other sentencing criteria considered at the original sentencing hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      Standard of Review and Legal Analysis . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF CITATIONS

**CASES:**

*Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683 (2010) . . . . . . . . . 9

*Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007) . . . . . . . . . . . 9

*In re Sealed Case No. 98-3116*, 199 F.3d 488 (D.C. Cir. 1999) . . . . . . . 13

*Kellmer v. Raines*, 674 F.3d 848 (D.C. Cir. 2012) . . . . . . . . . . . . . . . . . 8

*United States v. Davis*, 235 Fed.Appx. 747 (D.C. Cir. 2007) . . . . . . . . . 3

*United States v. Fields*, 699 F.3d 518 (D.C. Cir. 2012) . . . . . . . . . . . . . 8

*United States v. Lafayette,* 585 F.3d 435 (D.C. Cir. 2009) . . . . . . . . 8-9

*United States v. Wyche*, __ F.3d __, 2014 WL 340998 (D.C. Cir. 2014) . 9

**STATUTORY AND OTHER AUTHORITY:**

18 U.S.C. § 922(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 924(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 924(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 924(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6-7, 9-12

18 U.S.C. § 3582(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . vi, 4-10, 12, 14-17

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 841(b)(1)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 846(b)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 841(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Fair Sentencing Act of 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S.S.G. § 1B1.10(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S.S.G. App. C., amend. 706 . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

U.S.S.G. App. C., amend. 711 . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

U.S.S.G. amend. 750 (Nov. 1, 2010) . . . . . . . . . . . . . . . . . . . . 4, 12

## STATEMENT OF JURISDICTION

The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with an offense against the laws of the United States. The court of appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which give the courts of appeals jurisdiction over all final decisions of the district courts of the United States. The appeal was timely filed on October 17, 2013, from the final order entered on October 3, 2013, that disposes of all claims between the parties to this cause.

# PERTINENT STATUTE IN THIS APPEAL

18 U.S.C. § 3582. Imposition of a sentence of imprisonment

(c) Modification of an imposed term of imprisonment. – The court may not modify a term of imprisonment once it has been imposed except that – ...

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## STATEMENT OF THE ISSUE

**Was the denial of defendant Davis's motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive sentencing guidelines amendment improper where the district court failed to engage in the requisite two-part inquiry of first determining the amended guideline range and then considering the applicable statutory sentencing factors under 18 U.S.C. § 3553(a) – including how the amended range would alter the range actually applied at sentencing – but instead premised its ruling exclusively on mistaken determinations as to sentencing criteria considered at the original sentencing hearing?**

## STATEMENT OF FACTS

### Indictment, trial, sentencing and direct appeal

Appellant Jack Davis was charged in a multi-count superseding indictment filed on August 31, 2004 with conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, phencyclidine and marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(iii) (count 1); simple possession of marijuana in violation of 21 U.S.C. § 841(a) (count 2);

possession with intent to distribute phencyclidine in violation of 21 U.S.C. §§ 841(a)(1), 846(b)(1)(C)(count 3); (4) using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (count 4); possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B)(count 5); and unlawful distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C) (count 6).  DE:186.  The defendant's brother, James Davis, was charged as a codefendant, and both pled not guilty.  A severance was granted, and James, who proceeded to trial first, was acquitted of all charges.  DE:90.

Thereafter, Davis was tried by a jury.  The trial lasted three weeks, following which Davis was acquitted of the firearm possession offense charged in count 4 and found guilty of the remaining counts.  DE:218.  At sentencing, the court attributed to the defendant a drug quantity consisting of 1.5 kilograms of crack cocaine, 5 kilograms of powder cocaine and 1 gram of PCP.  App. 85a.  The court further determined that the total offense level for the drug offenses of conviction was 40, premised on a base offense level of 38 and a two-level enhancement for obstruction of justice.  App. 93a.  This offense level, in conjunction with the defendant's criminal

history category of 1, resulted in an applicable sentencing range of 292-365 months for the drug offenses. *Id.* However, the court engaged in a series of recalculations that had the effect of reducing appellant's guidelines by two levels to a total offense level of 38, with a corresponding sentencing range of 235-293 months, finding that level more appropriate in light of the disparity between the penalties applicable to crack and powder cocaine at that time. At the conclusion of the sentencing hearing on March 2, 2006, the district court imposed a total imprisonment sentence of 310 months, consisting of 250 months as to the drug offenses of conviction and a consecutive 60-month sentence for the count 4 firearm offense. The 250-month guideline component of the total sentence was at the lower end of that range. App. 143a. The evidence on which the convictions were premised concerned various periods of time from 1993 to 2003 in which appellant and his brother James, among others, were said to have distributed marijuana in certain periods, and cocaine in other periods. Davis appealed to this Court, which affirmed his convictions and sentence on May 9, 2007. *United States v. Davis*, 235 Fed.Appx. 747 (D.C. Cir. 2007).

3

Sentencing Guidelines Amendment and § 3582(c)(2) Proceedings

Pursuant to an amendment to the federal sentencing guidelines effective November 1, 2007, the base offense level for offenses involving crack cocaine was lowered. *See* U.S.S.G. Supplement to Appendix C. Amendment 706, 711 (Nov. 1, 2007). In a subsequent amendment on November 1, 2010, the base offense levels for most offenses involving crack cocaine were lowered further. *See* U.S.S.G. § Amendment 750 (Nov. 1, 2010). In addition, pursuant to a directive to the Sentencing Commission to implement guideline changes corresponding to the statutory change by the Fair Sentencing Act of 2010, which altered the threshold quantities of crack cocaine triggering mandatory minimum sentences under 21 U.S.C. § 841(b), Amendment 750 was made retroactive, effective November 1, 2011.

Application of the retroactively-applicable guideline amendments to the defendant, in light of the drug quantity for which he was found responsible, results in a recalculated total offense level of 36 for the drug offenses of conviction. This lowered offense level, considered with Davis's criminal history category of 1, yields an applicable guidelines range of 188-235 months (as opposed to the 292-365 range in the presentence report

and the 235-293 range ultimately cited by the sentencing court). *See* App. 161a (U.S. Probation Memorandum dated 1/25/12).

On October 25, 2012, Davis filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to the retroactive guidelines amendment. He sought a sentence of 160 months' imprisonment for his drug convictions, which together with a consecutive 60 month sentence for his firearm offense under 18 U.S.C. § 924(c), would result in a total incarceration term of 220 months. App. 42a. The government did not oppose Davis's request for a sentencing reduction, although it argued that a sentence no lower than 188 months should be imposed. App. 72a. The U.S. Probation Office also did not oppose the defendant's request for a reduction. App. 161a.

On October 3, 2013, the district court denied the defendant's motion without a hearing. App. 178a.

## SUMMARY OF THE ARGUMENT

The district court failed to comply with the essential requirements of procedural and substantive reasonableness in denying appellant Davis's motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) pursuant to the retroactive amended crack cocaine guidelines applicable to Davis's

5

offense, where the guideline range was lowered by approximately 10 years.
Contrary to the threshold inquiry that must be followed in addressing a
sentence reduction motion under § 3582(c)(2), the district court did not
calculate the revised guideline range, nor did the court acknowledge the
significant 10-year reduction effected by the amended guidelines.  In
addition, the district court failed to engage in an independent evaluation
of the statutory sentencing criteria under 18 U.S.C. § 3553(a), instead
relying on its assessment at the original sentencing while neglecting to
address the comparative facts stemming from the various guideline-
premised determinations at the original sentencing.  The district court's
failure to determine the impact of the amended guidelines range on
Davis's offense level and to consider the appropriateness of a reduction in
light of the full record and present circumstances compels a remand.

## ARGUMENT

**The denial of defendant Davis's motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive sentencing guidelines amendment was improper where the district court failed to engage in the requisite two-part inquiry of first determining the amended guideline range and then considering the applicable statutory sentencing factors under 18 U.S.C. § 3553(a) – including how the amended range would alter the range actually applied at sentencing – but instead premised its ruling exclusively on mistaken determinations as to other sentencing criteria considered at the original sentencing hearing.**

The district court, while acknowledging the applicability of the retroactive guidelines amendment to defendant Davis's sentence, erred in denying Davis's motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) without independently calculating the amended guideline range and assessing the pertinent § 3553(a) factors in light of the particular circumstances of this case. Instead, the court denied relief on the express

7

basis of its previous ruling at Davis's initial sentencing hearing which itself was based on a confused and conflated guideline calculation.

In doing so, the district court contravened the required procedure and standard of analysis in the context of considering a defendant's eligibility for relief under a retroactively-applicable sentencing guidelines amendment, thereby erring procedurally and as a matter of law. *See United States v. Lafayette,* 585 F.3d 435, 439 (D.C. Cir. 2009)(in reviewing denial of relief under 18 U.S.C. § 3582(c)(2), as in other sentencing decisions, court of appeals must "'first ensure that the district court committed no significant procedural error .... [and] then consider the substantive reasonableness of the [court's decision] under an abuse-of-discretion standard.'")(quoting *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597 (2007)). *See also United States v. Fields*, 699 F.3d 518, 523 (D.C. Cir. 2012)(("[B]y definition, district court abuses its discretion when it makes an error of law.'")(citing *Kellmer v. Raines*, 674 F.3d 848, 851 (D.C. Cir. 2012)).

## Standard of Review and Legal Analysis

Reviewing the district court's compliance with the statutory requirements of 18 U.S.C. § 3582 by ensuring, first, that the court

committed no significant procedural error and second, that the decision was substantively reasonable under an abuse-of-discretion standard, *see Lafayette*, 585 F.3d at 439 (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007)), this Court has most recently reaffirmed the mandatory two-step inquiry pertinent to the evaluation of a sentencing reduction motion under 18 U.S.C. § 3582:

> [A] district court considering a section 3582(c)(2) motion is to engage in a limited, two-step inquiry. *See Dillon* [*v. United States*, 560 U.S. 817, 130 S.Ct. 2683,] 2691-99 (2010). The district court *must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing."* *Dillon*, 130 S.Ct. at 2691 (quoting U.S.S.G. § 1B1.10(b)(1)) (brackets in original). If the defendant is eligible for a reduced sentence under the amendment, *the court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."* *Id.* at 2692.

*United States v. Wyche*, __ F.3d __, 2014 WL 340998, at *6 (D.C. Cir. 2014)(emphasis added).

The district court failed to adhere to this required framework in addressing defendant Davis's sentencing reduction motion. First, the court did not independently calculate the effect of the amended guideline

9

on Davis's guideline range, nor did the district court seek to reconcile the various versions of a guideline range discussed at the initial sentencing and in probation office reports.  Rather, the court merely noted that Davis argued that the amendment resulted in a lowering of his offense level to 36, and a corresponding lowered guideline range of 188-235 months.  App. at 168a, n. 1.  But the court made no finding or determination that Davis's contention was accurate, nor did the court set forth its independent calculation of the amended guideline range.  Equally importantly, the court failed to recognize that in applying a total offense level of 38 at the original sentencing (a reduction of merely two levels from that calculated in the presentence report, *see* App. 143a), resulting in a 235-293 sentencing range, and imposing a lower-end, within-range sentence of 250 months, based on a hybrid methodology of guideline offense level calculation, that the upward variance that would be required to impose the same sentence under the new guideline range is completely contradictory to the reasoning required for § 3582(c)(2) reconsideration.[1]  Ultimately, the

---

[1] At sentencing the district court stated: "All of the factors that I have outlined taken together, suggest a sentence that would be equivalent to using a sentencing range prescribed by total offense level 38, criminal history Category I."  App. 143a; *see* App. 168a n. 1 ("[T]his court announced that a total offense level of 38 would be

district court failed to analyze the import of the 10-year reduction in the defendant's actual guideline range.

Rather than address the actual change in guideline range due to the substantial effect of the retroactive guideline amendment, the court indicated that it had concluded at the original sentencing that, were the crack-powder disparity "evened," the guideline range would be 211 to 248 months.  App. 169a.  This earlier assessment was *higher*, however, than the actual impact of the subsequent guideline amendment, which, based on the amount of drugs attributed to the defendant (1.5 kilograms of crack cocaine), results in a lowered base offense level of 34, such that with a 2-level obstruction enhancement, yielding a total offense level of 36, and a criminal history category 1, Davis's recalculated federal sentencing guideline range, pursuant to the retroactively-applicable guidelines amendment, is now 188 to 235 months – a range well below the 250-month sentence imposed originally under the theory of a total offense level of 38. The district court never acknowledged the real change in the guideline level and its impact in this case.  Rather, while acknowledging Davis's

more appropriate based on all the factors of Davis' case, with a resulting guideline range of 235 to 293 months.").

11

position and noting the amended guidelines pertinent to Davis's offense, *see* App. 168a (stating that Amendments 750, 706 and 711 "lowered the base level for offenses involving crack cocaine"), nevertheless failed to recalculate the applicable guideline range in light of these amendments, contrary to the requisite procedure for consideration of a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). *See Wyche*, 2014 WL 340998, at *6.

The court's error in failing to calculate the current applicable guideline range – which in itself compels a remand – is compounded by the court's further failure to independently consider, *in the § 3582 proceedings*, the applicable § 3553(a) factors in light of the particular circumstances of Davis's case. Instead, the court confined its explanation to what it had discussed at Davis's *original* sentencing, concluding – without referencing any facts, circumstances, or specific sentencing criteria under § 3553(a) – that the lowered crack cocaine guideline range "does not alter" the court's previous assessment. App. 170a. The district court, in invoking its earlier assessment, stated that the sentence imposed at the *original* sentencing "*was* appropriate" in consideration of the 3553(a) factors and the disparities between crack and powder cocaine penalties.

12

App. at 169a ("the defendant's sentence *was* appropriate")(emphasis added). The court did *not*, however, indicate that it conducted a *present* assessment of those factors in light of the *amended* guideline range, as required by binding authority, instead improperly according presumptive correctness to its original sentencing decision premised not (as the district court appeared to assume) on the new guideline range, but on a substantially higher hybrid formula. Nor was the court's perfunctory reference to § 3553(a), which was unaccompanied by specification of any sentencing factor or identification of any individual circumstance in Davis's case, adequate to demonstrate adherence to the inquiry required in evaluating a sentence reduction motion premised on a retroactive amended guidelines range, thus compelling a remand.

In the alternative, the district court's order is ambiguous as to whether or not the court engaged in the requisite two-step analysis, meriting a remand for clarification. *See, e.g., In re Sealed Case No. 98-3116*, 199 F.3d 488, 493 & n.2 (D.C. Cir. 1999)(recognizing propriety of a remand to clarify ambiguities at sentencing proceedings). The ambiguity of the court's order is exacerbated by the circumstance that at Davis's original sentencing, the district court's calculations, asserting variously

13

that the base offense level was 40 or 38, were confusing and unclear, such that it is not possible to determine the court's finding at that time as to the applicable guideline range, and accompanying base offense level, and also appears to have been erroneously based on the court's exclusion from all consideration, in the course of the requisite § 3553(a) analysis of applicable statutory sentencing criteria, that the defendant's sentence was to include a consecutive 60-month sentence.

Particularly where both the government and the Probation Office indicated *no opposition* to a sentence reduction based on the amended guidelines, the court's failure to engage in the required inquiry under 18 U.S.C. § 3582 and to articulate any basis for denial of the defendant's motion beyond a conclusory reference to its rulings at the original sentencing was an abuse of discretion meriting a remand.

It is clear that, at the original sentencing, the court expressed concern about a homicide charge – made known to the jury at trial through testimony of government witnesses – of which the defendant was acquitted 17 years ago. A review of the record in this case indicates that this acquitted conduct affected the district court's view of the defendant from the inception of the prosecution, spanning the pretrial, trial, sentencing

14

phases, and extending to the instant 3582 proceedings, where the court's failure to engage in the requisite guidelines amendment analysis and recalculation was accompanied by a bare reference to the court's rulings at the original sentencing. The prejudicial impact of the court's failure to consider Davis's § 3582 motion on its own merits – in light of changed guidelines and present circumstances – is particularly severe given that, at Davis's original sentencing, the court focused on testimony of cooperating witnesses as to the defendant's supposed "ruthlessness" and "bragging" about violence (of which he had been acquitted) where newly-discovered evidence has called into serious question the credibility of those witnesses. Such new evidence regarding the trial testimony concerning the acquitted conduct and related aspersions on Davis reflects that this testimony, which appears to be relevant to the sentencing decisions not only at Davis's original sentencing but also in the instant 3582(c)(2) proceedings, was perjurious. Further, the skewing effect of concern for the acquitted conduct appears to have left the district court without a clear guideline-comparative basis to reconsider the sentence within the confines of the substantial guideline range reduction. The sentence that has resulted would be a significant upward departure or variance from the

guideline range, yet the district court's original sentencing decision indicated that no significant upward variance was warranted. By leaving these essential comparative facts to speculation, the district court failed to engage in the requisite § 3582(c)(2) analysis.

For all these reasons, a remand is warranted to ensure the district court's compliance with fundamental procedural and substantive requirements of reasonableness in addressing the defendant's motion for a sentencing reduction based on the retroactively applicable amended crack cocaine guidelines.

## CONCLUSION

Procedural requirements that must be followed in resolving any motion under 18 U.S.C. § 3582(c)(2) should have been applied in this case, where the magnitude of the reduction in the sentencing guidelines range – approximately 10 years – was so great as to call for rigorous compliance with the analytical guidance provided repeatedly in this Court's decisions. For that reason, the Court should remand to the district court for further proceedings.

Respectfully submitted,


 /s/ Richard C. Klugh
RICHARD C. KLUGH, ESQ.
Attorney for Jack Davis
Ingraham Building
25 S.E. 2nd Avenue, Suite 1100
Miami, Florida 33131
Telephone No. (305) 536-1191
Facsimile No. (305) 536-2170

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Brief was mailed on the 12th day of February, 2014 by U.S. mail to Elizabeth Danello, United States Attorney's Office, 555 Fourth Street, NW, Washington, DC 20530.

/s/ Richard C. Klugh
Richard C. Klugh